No. 38,077

Lee Etta Biffer, *Appellant*, v. L. V. Biffer, *Appellee.*

(224 P. 2d 993)

Opinion filed December 9, 1950.

*Claude E. Sowers,* of Wichita, argued the cause, and was on the briefs for appellant.

*John B. Bryant,* of Wichita, argued the cause, and *B. Mack Bryant,* of Wichita, was with him on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This appeal arises out of a contempt proceeding, but directly involved is the validity of a judgment for permanent alimony. The parties will be referred to as in the divorce action in the court below.

In 1936 plaintiff wife and her husband, residents of Sedgwick county, were having marital troubles, and in contemplation of a divorce action entered into a written stipulation concerning their property rights and support and custody of their four minor children. The written agreement, executed on July 28, 1936, provided that, with the approval of the court, the four children should remain in the custody of plaintiff and defendant agreed to pay plaintiff the sum of $135 per month for the support of the children and plaintiff, it being clearly evident by the stipulation that such figure was based on the sum of $25 per month for each child so long as he or she, during his or her minority, remained in the custody of plaintiff, and the sum of $35 per month was to be for the support of plaintiff. The agreement further provided that in the event of plaintiff's remarriage the payments of $35 per month for her support should cease. The agreement was silent concerning permanent alimony, as such, and as heretofore stated merely pro-

vided for the payment to plaintiff of $35 per month for her support until her remarriage. Certain other provisions, immaterial for our purposes, were made for the division of property owned by the parties, including two pieces of real estate.

On October 6, 1936, the divorce action came on for hearing and plaintiff wife was granted a divorce. In its judgment the court divided the real estate and other property between the parties in accordance with the stipulation heretofore referred to; awarded custody of the four children to plaintiff, and ordered the defendant to pay $25 per month for the support of each so long as he or she should remain a minor and in custody of plaintiff, and then rendered the following judgment with reference to permanent alimony:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be and is hereby awarded as permanent alimony the sum of $6400.00, and defendant ordered, adjudged and decreed to pay the same at the rate of $35.00 per month, payable on the 20th of each and every month after date of this decree, beginning October 20, 1936, until said sum of $6400.00 is paid; provided, that if plaintiff remarries or if her death occurs before said permanent alimony has been fully paid, then all payments subsequent to her remarriage or death shall cease and be of no further force or effect."

So far as the record discloses, defendant complied with the order and judgment of the court in all respects, including the $35 monthly payments to plaintiff under the alimony judgment. In June, 1946, she remarried, at which time he ceased such payments. In other words, defendant complied with the literal terms of the court's judgment. Apparently the plaintiff raised no question and made no complaint concerning the matter.

In January, 1950, the defendant was in the process of selling the real estate awarded to him under the divorce decree. In order to save any possible question concerning title a quitclaim deed was sent to plaintiff, then living in New Mexico, for her signature. Apparently she contacted a Wichita attorney concerning the matter and he in turn filed an affidavit and accusation in contempt, alleging that defendant was in contempt of court for his failure to make the $35 monthly payments to plaintiff since June, 1946. Defendant was cited into court and after a hearing was discharged. The evidence at this hearing, if any, other than the files, is not abstracted.

Plaintiff then filed a motion to consolidate the permanent alimony payments of $35 per month from June, 1946, until March 1, 1950, into a lump sum judgment of $1,575. This motion was denied.

Plaintiff then filed a motion to vacate that portion of the judgment rendered in the divorce action on October 6, 1936, which reads:

". . . provided, that if plaintiff remarries or if her death occurs before said permanent alimony has been fully paid, then all payments subsequent to her remarriage or death shall cease. . . ."

on the ground such provision is void and has no effect upon the permanent alimony judgment. This motion was also denied, whereupon plaintiff appealed, specifying as error each of the three aforementioned rulings of the lower court.

In this court plaintiff's position is that the divorce decree awarded permanent alimony in a fixed and definite amount of $6,400, payable $35 monthly; that the provision relieving defendant from such payments upon her remarriage or death is void and should be vacated and set aside; that she is entitled to a lump sum judgment in the amount of such monthly payments from June, 1946, until March, 1950; and that the lower court erred in not holding defendant in contempt for his failure to make such payments.

Defendant husband's position is that the original divorce decree pertaining to permanent alimony is valid, and that since he has complied with its literal provisions he is not guilty of contempt and has completely fulfilled every obligation incumbent upon him.

In passing, it should be stated that we are in no way concerned with support payments for the children, and neither are we concerned with any provision of the judgment in the divorce action other than that concerning permanent alimony.

While neither of the parties has specifically attacked the validity of the award of $6,400 as permanent alimony, yet inherent in the contempt action and in the two motions filed by plaintiff is the question of its validity, as such.

It is to be borne in mind that nowhere in the written stipulation entered into by the parties was there any mention of alimony. The most that can be said is that it merely provided for the payment of $35 per month to the wife for her support and maintenance until her remarriage, at which time such payments were to cease. The record does not disclose that this property settlement contract, as such, was ever approved by the court or incorporated into its decree, although in three instances the journal entry of judgment, when dealing with matters other than the permanent alimony feature, does refer to the "settlement of the parties."

Of what effect, then, is the judgment for permanent alimony in

the sum of $6,400, payable $35 monthly, *with the further provision that upon plaintiff's remarriage or death prior to the time such sum has been fully paid all subsequent payments should cease and be of no further force or effect?*

It has been held repeatedly that an alimony award made under the authority of G. S. 1935, 60-1511, where the divorce is granted to the wife because of the fault or aggression of the husband, must be in a definite, fixed sum, although payable in installments. (*Conway v. Conway*, 130 Kan. 848, 288 Pac. 566; *Revere v. Revere*, 133 Kan. 300, 299 Pac. 595, and *Bourman v. Bourman*, 155 Kan. 602, 127 P. 2d 464.)

It is true that here the sum was "definitely fixed" in the amount of $6,400, payable $35 monthly. But what about the provision that in the event of plaintiff's death or remarriage *prior* to the time when such aggregate sum be paid the payments should then cease and be of no further force or effect? She might have died within a month or remarried immediately after six months from rendition of the decree, in which event further payments by defendant were to cease and all further obligation on his part would be extinguished. In our opinion this judgment for permanent alimony was void for the reason that by its very terms it was not for a definite, fixed amount as required by the statute.

The circumstances here are not to be confused with those in *Feldmann v. Feldmann*, 166 Kan. 699, 204 P. 2d 742, in which it was held that there is a distinct difference between what a court has authority to do under the statute with respect to alimony and what the parties may agree upon by written stipulation. As heretofore said, the stipulation here made no reference whatever to alimony, in a definite sum or otherwise. It simply provided for monthly payments of $35 to plaintiff for her support and maintenance until her remarriage. For the reasons stated, we think the alimony award was wholly void.

In conclusion, it should be stated that our decision concerns only that feature of the judgment and decree rendered in the divorce action and is not to be construed as having any bearing whatsoever on other matters adjudicated by the decree.

From what has been said, it therefore follows that the orders and judgments appealed from should be and they are hereby affirmed.