No. 38,483

LEPHA MARGARET JACQUES, *Appellee,* v. LOUIS FREDERICK JACQUES, *Appellant.*

(242 P. 2d 829)

Opinion filed April 12, 1952.

*Clyde Wendelken, Jr.,* of Wichita, argued the cause, and *Clarence R. Sowers,* of Wichita, was with him on the briefs for the appellant.

*E. E. Sattgast,* of Wichita, argued the cause, and *John Madden, Jr.,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order overruling defendant's motion to vacate and set aside an alimony judgment on the ground it violated the requirements of G. S. 1949, 60-1511 for definiteness and was therefore void.

Appellee contends the appeal should be dismissed. Examination of reasons advanced in support of the contention convinces us they lack sufficient merit to warrant treatment. The motion to dismiss the appeal is denied.

The judgment assailed by appellant was rendered in a divorce action in May, 1944. The journal entry discloses a definite and unqualified permanent alimony judgment was rendered in the sum of $10,000. There was no provision for its payment in installments. Counsel for appellant states appellant was in the military service and not present at the trial. The journal entry recites he appeared in person. In any event he was represented by able and experienced counsel who approved the judgment in the form and manner journalized. There was no appeal from the judgment. The judgment also provided for the support of two minor children by appellant in the sum of $50 per month. There is no complaint here concerning that provision.

In April, 1946, appellant was discharged from the military service and in June, 1946, appellant's counsel, not his counsel at the time of trial or now, filed a motion for an order *nunc pro tunc* to revise the journal entry. The motion was not presented to the court until September 11, 1950, at which time appellant was cited for contempt for failure to comply with the alimony judgment.

The judge of division No. 1 of the district court of Sedgwick county, who had rendered the decree of divorce and alimony judgment was absent by reason of illness and a judge pro tem heard the motion. The judge who rendered the judgment was not available and was in nowise consulted concerning the motion for the *nunc pro tunc* order. The evidence introduced in support of the motion consisted of comments in the record made by the trial judge in the course of colloquies with counsel during and at the conclusion of the trial. Present counsel for the parties disagree concerning the intent and the legal effect of the trial judge's comments. The judge pro tem found appellant not guilty of contempt but ordered the journal entry changed so as to read:

". . . that said plaintiff have judgment against the defendant in the sum of $10,000 to be paid out—no, $10,000 permanent alimony to be paid out as long as he is in the army in whatever amounts allowable by the army."

· It is appellant's contention the above order reflects the true judgment rendered and that it is void under the provisions of G. S. 1949, 60-1511 for the reason the alimony judgment as corrected is indefinite with respect to the amount of installment payments and the time within which the alimony judgment ultimately must be paid, citing *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566; *Biffer v. Biffer*, 170 Kan. 304, 224 P. 2d 993. In view of the conclusion we have reached concerning the instant appeal we need not discuss the merits of that contention.

The established purpose and function of a *nunc pro tunc* order has been stated frequently. In *Bush v. Bush*, 158 Kan. 760, 150 P. 2d 168, we held:

"If a journal entry of judgment fails to accurately reflect a judgment actually rendered courts have a right and duty to make it speak the truth.

"The function of a *nunc pro tunc* order is not to make an order now for then, but to enter now for then an order previously made." (Syl. ¶ 1, 2.)

To the same effect are *French v. French*, 171 Kan. 76, 229 P. 2d 1014, and numerous other cases.

Appellant attempted to appeal to this court from the various orders of the district court. The appeal was not properly perfected and was dismissed.

Thereafter appellant filed the instant motion in the district court to vacate the original alimony judgment rendered in May, 1944, as shown by the *nunc pro tunc* order. The substance of the motion was that the *nunc pro tunc* order made by the judge pro tem properly reflected the true alimony judgment rendered by the trial court and that such judgment was void for indefiniteness. This motion was presented to and heard by the trial judge who rendered the original alimony judgment. He was, therefore, called upon to examine and interpret his own remarks made in the divorce and alimony action. He denied the motion.

On the basis of the record before us are we justified in reversing this judgment which permits the original definite and unqualified permanent alimony judgment in the sum of $10,000 to stand? We do not think so. The alimony judgment, as reflected by the journal entry, complies fully with the provisions of G. S. 1949, 60-1511 and with every decision of this court on the subject. The journal entry

of judgment, as previously stated, discloses it was approved by counsel who represented appellant. Notwithstanding remarks made by the trial court during the trial there is no evidence by appellant's able and experienced original counsel that he failed to understand the judgment intended to be rendered against his client and that he inadvertently and erroneously approved the judgment as journalized.

We also understand appellant has acquiesced in the alimony judgment by making payments thereon in February and March of 1950. In view of the entire record, including the adverse ruling of the trial court on appellant's instant motion to vacate the alimony judgment, it is not clear the *nunc pro tunc* order properly reflects the judgment intended. In fact from the entire record now before us it appears the trial judge intended to render the judgment reflected by the original journal entry. In any event in case of serious doubt on that subject the ruling of the trial court will not be reversed. (*French v. French*, supra, p. 82.)

From what has been said it must not be inferred the *nunc pro tunc* order, if permitted to stand, would contravene the provisions of G. S. 1949, 60-1511. That question, however, is not properly here for review until it is first established the *nunc pro tunc* order reflected the judgment actually intended. What we are concluding is that the instant judgment denying the motion to vacate the alimony judgment as originally journalized will not be disturbed on the basis of the record before us.

The judgment is affirmed.