No. 45,155

Bertha Hoard, Individually and as the Executrix of the Estate of Elmer E. Hoard, Deceased, *Appellant*, v. Joyce Shelton; Lyle Harris and Glendon E. Rewerts, Co-Administrators of the Estate of Robert L. Hoard, Deceased; Elberta Whittington; Randall K. Newell; and Pamela Newell Staples, *Appellees*.

(439 P. 2d 123)

Opinion filed April 6, 1968.

*Ronald D. Albright*, of Anthony, argued the cause and was on the brief for the appellant.

*Paul R. Wunsch*, of Kingman, and *Glendon E. Rewerts*, of Leoti, argued the cause, and *Robert S. Wunsch* and *David D. Gaumer*, both of Kingman, were with them on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This action was originally instituted in the probate court for alternative relief, either to correct an order of final settlement *nunc pro tunc* or to set aside the decree of final settlement in

the decedent's estate dated November 27, 1962, on the ground that
it is void.

Elmer E. Hoard died testate on the 11th day of September, 1960,
a resident of Anthony, Harper County, Kansas, and in the probate
of his estate the order of final settlement construed certain provisions
in his will. Events which developed subsequent to the death of
Elmer E. Hoard have led to this proceeding wherein the construc-
tion placed upon certain provisions of the will of Elmer E. Hoard,
deceased, by the probate court in the decree of final settlement is
challenged.

This appeal raises questions relative to the construction of the
will of Elmer E. Hoard; the power of a court over a decree of final
settlement subsequent to the date of its entry; and questions affect-
ing necessary parties to an action.

At the death of Elmer E. Hoard he owned considerable property
throughout the state of Kansas. A petition for the probate of his
will was filed on the 17th day of September, 1960, and in due
course the will was admitted to probate. At the time of the death
of Elmer E. Hoard, on the 11th day of September, 1960, he left
surviving him his widow, Bertha Hoard; a son, Robert Hoard; and
a daughter, Elberta Newell (now Elberta Whittington). These
parties all executed waivers and made a voluntary entry of appear-
ance in the administration of the estate and waived any further
notice.

The material portions of the will herein which was duly admitted
to probate read as follows:

"THIRD: I will, devise and bequeath an undivided one-half interest in and
to the following nineteen quarter sections of real estate to my wife Bertha
Hoard, to be hers absolutely, and that she shall also have a life interest in and
to the remaining one-half of said real estate as hereinafter described in this
paragraph, *and upon her death,* the property in which she has a life estate,
*shall go to and become the property absolute of our son Robert Hoard,* the
property being described as follows, to-wit: [describing the nineteen quarter
sections of real estate]

"FOURTH: I will, devise and bequeath to my wife Bertha Hoard an un-
divided one-half interest in the following nineteen quarter sections of land to
be hers absolutely and that she shall also have a life interest in and to the
remaining one-half interest in said real estate described in this paragraph, *and
upon her death,* the property in which she has a life interest *shall go to our
daughter Elberta Newell;* the description of said property being as follows, to-
wit: [describing the nineteen quarter sections of real estate]

· · · · · · · · · · · · ·

"SEVENTH: Should either my son or daughter above named die, *prior to the*

*death of my wife,* should she survive me, then the property that otherwise would have gone to said son or daughter upon the death of my wife, shall go to and become the property absolute of *their children living at the time of my wife's death,* share and share alike; in other words, the children shall take the parents share in said property.

"Eighth: All of the rest, residue and remainder of my real property not herein specifically devised, I will, devise and bequeath to my wife Bertha Hoard, to be hers absolutely." (Emphasis added.)

To simplify an understanding of this case which has been complicated by various proceedings, we shall undertake an analysis of the decedent's will at this point.

The one-half interest in the real estate to which the decedent's wife was given a life estate in paragraph Third above will hereafter be referred to as "Blackacre." The one-half interest in which the decedent's wife was given a life estate in paragraph Fourth above will hereafter be referred to as "Whiteacre."

Stated in its simplest form, the testator by his will gives Blackacre to A for life, then to B in fee, but if B should predecease A, then to the children of B living at the time of A's death in fee. The testator also gives Whiteacre to A for life, then to C, but if C should predecease A, then to the children of C living at the time of A's death in fee.

A is Bertha Hoard, the decedent's widow; B is the decedent's son, Robert Hoard; and C is the decedent's daughter, Elberta Newell Whittington.

Under the decisions of this court the interest which B took in Blackacre under the testator's will is a vested remainder in fee, subject to divestment in favor of B's children should B predecease A and leave children surviving A. (*Faris v. Nickel,* 152 Kan. 652, 107 P. 2d 721; *In re Estate of Works,* 168 Kan. 539, 213 P. 2d 998; and *In re Estate of Paulson,* 188 Kan. 467, 363 P. 2d 422.)

In other words, if Robert Hoard should predecease his mother, Bertha Hoard, who is the life tenant, his title and interest may be divested if he leaves children surviving Bertha Hoard. Both of these contingencies must occur. (*In re Estate of Paulson,* supra.) The court in the *Paulson* case said:

"We believe the cases of this court and the courts of a majority of other states show that these provisos do not make the remainder contingent, but that the remainder to the child is vested as to interest in the estate, and that if the child should die before the death of the life tenant, his title and interest may be divested if he leaves children of his own. *Both these contingencies must occur.* This rule is always conditioned upon the fact that the testator in no direct

manner expressed the intention that only children surviving the life tenant should take an interest in the estate." (pp. 470, 471.) (Emphasis added.)

Likewise, under the testator's will the interest which C took in Whiteacre was vested subject to divestment in favor of C's children should C predecease A and leave children surviving A. In other words, if Elberta Newell Whittington should predecease her mother, Bertha Hoard, who is the life tenant, her title and interest may be divested if she leaves children surviving Bertha Hoard. Both of these contingencies must occur.

Turning now to the facts presented by the instant appeal, the testator, Elmer E. Hoard, deceased, was survived by Bertha Hoard, his wife; Robert Hoard, his son; and Elberta Newell Whittington, his daughter. On the date of the testator's death, September 11, 1960, Robert Hoard was the father of one child, Mark Hoard. On the date of the testator's death Elberta Newell Whittington had two children, Pamela Newell (now Staples) and Randall K. Newell, both of whom were minors.

On the 17th day of September, 1960, the petition for the probate of the decedent's will was filed.

On the 27th day of November, 1962, the decree of final settlement was entered in the decedent's estate in the probate court.

On the 28th day of August, 1963, Randall K. Newell, the son of Elberta Newell Whittington, became twenty-one years of age.

On the 25th day of April, 1964, Mark Hoard, the son of Robert Hoard, died. At the time of his death he was a minor of tender years.

On the 30th day of August, 1964, Robert Hoard died intestate leaving no issue, and was survived by his wife, Joyce Hoard (now Shelton).

On the 1st day of December, 1965, Glendon E. Rewerts and Lyle Harris were appointed co-administrators of the estate of Robert Hoard by the probate court of Wichita County, Kansas. They filed their inventory claiming Blackacre, subject to the life estate in Bertha Hoard.

On the 11th day of February, 1966, Pamela Newell Staples, the daughter of Elberta Newell Whittington, married.

On the 14th day of June, 1966, Bertha Hoard, Pamela Newell Staples and Randall K. Newell filed their petition to correct the order of final settlement in the estate of Elmer E. Hoard, deceased, or in the alternative, to set aside the decree of final settlement therein dated November 27, 1962.

On the 28th day of August, 1967, Pamela Newell Staples became twenty-one years of age.

In the decree of final settlement entered by the probate court of Harper County in the estate of Elmer E. Hoard, deceased, on the 27th day of November, 1962, the testator's will was construed to devise Blackacre to Bertha Hoard for life with a vested remainder in Robert Hoard. It was also construed to devise Whiteacre to Bertha Hoard for life with a vested remainder in Elberta Newell Whittington. The foregoing construction of the will *was in accordance with the request in the petition for final settlement made by Bertha Hoard, the executrix of the estate of Elmer E. Hoard, deceased.*

Relative to the petition for final settlement filed on October 26, 1962, in the estate of Elmer E. Hoard, deceased, no notices were ever served upon the three minor children (Mark Hoard, Pamela Newell or Randall K. Newell), and no guardian *ad litem* was appointed to represent and defend them or the unborn or unknown children of Robert Hoard or Elberta Newell Whittington. Although the names and addresses of these grandchildren were known, the only notice they received was the publication notice.

At the time set for hearing the petition for final settlement Bertha Hoard, who was executrix in the estate of Elmer E. Hoard, deceased, made no appearance, and the order of final settlement was taken by her attorney. At no time was Bertha Hoard examined relative to the account or to the distribution of the estate. The order of final settlement completely ignored the provisions of paragraph Seventh of the will of the testator, Elmer E. Hoard, deceased.

This controversy is between the widow of Robert Hoard, who is claiming Blackacre, and Bertha Hoard, the life tenant in Blackacre and the residuary devisee under the will of the testator, and the children of Elberta Newell Whittington.

When the petition herein was filed in the probate court of Harper County on the 14th day of June, 1966, for an order *nunc pro tunc* to correct the order of final settlement, or in the alternative, to set aside the decree of final settlement, Bertha Hoard, Randall K. Newell and Pamela Newell Staples joined in the petition.

The notice of hearing on the petition filed herein was duly given and published. Thereafter, Glendon E. Rewerts and Lyle Harris, co-administrators in the estate of Robert Hoard, deceased, and Joyce Shelton, by their attorneys, filed an answer joining issues.

The probate court after hearing the matter denied the motion for an order *nunc pro tunc*, and also denied the motion to reopen the estate, thereby affirming the judgment in accordance with the order of final settlement dated November 27, 1962. The journal entry in the probate court recites that a guardian *ad litem* was appointed and allowed a fee of $150.

Appeal was duly perfected from the foregoing order of the probate court of Harper County to the district court of Harper County where the matter was heard *de novo*.

In the district court the guardian *ad litem* filed a petition to reopen the estate of Elmer E. Hoard, deceased. It recited that the guardian *ad litem* was duly appointed for the benefit of unknown and contingent devisees and legatees under the last will and testament of Elmer E. Hoard, deceased; that at the time of the decedent's death he was survived by three living grandchildren, naming them. It further recited:

"Said three minor children were all contingent devisees under paragraph SEVENTH of the Last Will and Testament of said Elmer E. Hoard. The existence of all of said minors was known to the Court and to Bertha Hoard, executrix, yet no guardian *ad litem* was appointed for them or for any children which might be born after the death of Elmer E. Hoard or might be adopted after the death of said Elmer E. Hoard.

"3. At no time during said probate were any notices of the proceedings sent to any of the three minors or to any guardian or other person on their behalf.

"4. On November 27, 1962, the date set for final settlement of the above estate, no hearing on the Petition for Final Settlement was held. The executrix, Bertha Hoard, was not examined relative to her accounting and relative to the distribution of the estate, as required by statute K. S. A. 59-2249, and notice of said hearing was not given as required by K. S. A. 59-2209. No evidence was introduced, contrary to the command of K. S. A. 59-2213. The Decree of Final Settlement, dated November 27, 1962, as a result of the above, is void.

"5. Your guardian *ad litem* joins Bertha Hoard in her Petition for Order *Nunc Pro Tunc* and other relief for the above reasons and for the reason that the purported Decree of Final Settlement dated November 27, 1962, deprived said minor children and any unborn or adopted children of Robert Hoard and Elberta Whittington of the rights granted them under the last will and testament of Elmer E. Hoard, deceased, under paragraph SEVENTH of said last will and testament, which provided that, should either Robert Hoard or Elberta Whittington die before Bertha Hoard,

"'the property that otherwise would have gone to said son or daughter upon the death of my wife, shall go to and become the property absolute of their children living at the time of my wife's death, share and share alike. . . .'

"As a result, the above minor children and all after born children or later adopted children were disinherited, without having been granted the due

process guaranteed them by the Constitutions of the State of Kansas and of the United States.

"WHEREFORE, your guardian *ad litem* prays that the relief requested in the Petition for Order *Nunc Pro Tunc* praying for reformation of the records to speak the truth be granted, to show that no valid action was taken by the Court on said date, and that the Court order that this matter be set for final hearing and determination of the descent and distribution of the property of said estate, in accordance with the will of Elmer E. Hoard, deceased, and that the Court find that the remainder interests of the property of Elmer E. Hoard described in paragraphs THIRD and FOURTH of said last will were subject to divestment by the death of any remainderman before the death of Bertha Hoard and that the above named grandchildren and all after born or after adopted grandchildren of said Elmer E. Hoard form a class of contingent devisees under said will."

Issues were joined and the matter was heard by the district court.

If it could be said that the jurisdiction of the probate court to enter the decree of final settlement in the estate of Elmer E. Hoard, deceased, on the 27th day of November, 1962, had not been raised prior to the hearing in the district court, the petition of the guardian *ad litem* filed in the district court clearly presented the jurisdictional issue for the court's determination.

All facts recited in the guardian *ad litem's* petition to reopen the estate of Elmer E. Hoard, deceased, filed in the district court, and the facts heretofore recited in this opinion, were established by the evidence and so found by the district court. The district court further found as follows:

". . . The court first considered the Motion for Summary Judgment, and finds that Elberta Whittington and her children Pamela A. Newell Staples and Randall K. Newell, have no interest in and to the land which passed to Robert L. Hoard under paragraph 'Third' of the Elmer E. Hoard will, and that the Motion for Summary Judgment should be sustained.

"The court further finds that the Motion for an Order *Nunc Pro Tunc* and the Motion to Reopen the Estate should both be denied and the judgment will be confirmed as of the order of November 27, 1962 creating and assigning a vested remainder in and to Robert L. Hoard covering the real estate as passing to him under the Decree of Final Settlement as entered by the Probate Court of Harper County, Kansas in the Estate of Elmer E. Hoard.

"The court further finds that Bertha Hoard is bound by the Decree of Final Settlement as made by the Probate Court of Harper County, Kansas in the Estate of Elmer E. Hoard, deceased, and she has no interest in and to the land which went to Robert L. Hoard under paragraph 'Third' of the Elmer E. Hoard will, and that the title to such property was vested in Robert L. Hoard at the time of his death and never became divested and such lands passed to his heirs.

"The court further finds that the petitioners Pamela A. Newell Staples and Randall K. Newell are entitled to have the Decree of Final Settlement as made by the Probate Court of Harper County, Kansas in the Estate of Elmer E.

Hoard, deceased, reformed as to the vesting of title to the land that their mother, Elberta Whittington, took an interest in under paragraph 'Fourth' of the Elmer E. Hoard will, and as to such land under paragraph 'Seventh' of the will the court finds that Elberta Whittington took a vested interest therein, subject to be divested upon her death prior to her mother's death, leaving children surviving her, which would include all children born to Elberta Whittington or those adopted by her, and all would be eligible to inherit such land should Elberta Whittington predecease her mother, Bertha Hoard."

Judgment was entered by the district court in accordance with the foregoing findings.

A careful study of the foregoing findings made by the district court discloses that it did reopen the estate of Elmer E. Hoard, deceased, insofar as the order of final settlement construed the provisions of paragraphs Fourth and Seventh of the last will and testament of Elmer E. Hoard, deceased. The district court then construed these provisions of the will in accordance with the request of Randall K. Newell and Pamela Newell Staples.

Comments made by the district court with respect to paragraphs Third and Seventh of the will of Elmer E. Hoard, deceased, indicate that it felt there was no need to change the construction placed upon paragraph Third by the probate court inasmuch as Bertha Hoard had no interest in the land which went to Robert Hoard, beyond her life estate, and since Robert Hoard had a vested interest in the land and died without issue, it was never divested. In other words, the district court found that one of the conditions required to divest the interest of Robert Hoard in Blackacre was not fulfilled. (This conclusion assumes that upon the death of the life tenant, Bertha Hoard, who is still living, unknown children of Robert Hoard will not appear to make a claim under the will of Elmer E. Hoard, deceased.)

It is to be noted, however, the only appeal taken from the order of the district court was that of Bertha Hoard as an individual. She appealed from the order of the district court which determined that she had no interest in and to the land which was devised under Paragraph Third of the will of Elmer E. Hoard, deceased, subject to her life estate therein. She also appealed from the order over-ruling her motion for a new trial. No appeal has been perfected by the guardian *ad litem* nor has any appeal or cross appeal been perfected by Randall K. Newell or Pamela Newell Staples. It therefore appears that Randall K. Newell and Pamela Newell Staples are satisfied with the construction of the last will and testament of

Elmer E. Hoard, deceased, as "reformed" by the district court, and by the order of the district court sustaining a motion for summary judgment against them, holding in effect that they have no interest in and to Blackacre which passed to Robert Hoard under paragraph Third of the will of Elmer E. Hoard, deceased.

We are therefore concerned on this appeal only with the interest that Bertha Hoard, as an individual, may have in the property devised to her son, Robert Hoard, under paragraph Third of the will of Elmer E. Hoard, deceased.

Regardless of the approach taken Bertha Hoard, under the decisions of this court, could have no interest in Blackacre (the property devised to Robert Hoard by paragraph Third under the will of Elmer E. Hoard, deceased) after the termination of her life estate. Under the will the interest of Robert Hoard in Blackacre is a vested remainder in fee subject to divestment. The interest of Robert Hoard in Blackacre can be divested only upon the happening of two conditions: (1) That Robert Hoard die prior to the death of Bertha Hoard; and (2) that Robert Hoard leave children surviving Bertha Hoard. On the present state of the record, the second condition does not appear to have been fulfilled, in which event the vested remainder in fee which Robert Hoard has in Blackacre would descend to his heirs. On the record here presented his sole heir appears to be his wife. In the event the second condition were fulfilled—that at the time of Bertha Hoard's death Robert Hoard left a child surviving Bertha Hoard—such child would take Blackacre in fee. In either event Bertha Hoard takes nothing after the termination of her life estate in Blackacre.

Throughout the presentation of this case in the lower courts, and on appeal to this court, the appellant has contended she is entitled to a *nunc pro tunc* order.

The purpose of a *nunc pro tunc* order is not to change or alter a judgment actually rendered. In other words, its function is not to make an order now for then, but to enter now for then an order previously made. (*Jacques v. Jacques*, 172 Kan. 670, 242 P. 2d 829; *Mathey v. Mathey*, 175 Kan. 446, 264 P. 2d 1058; *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225, cert. den. 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956; and *Aeby v. State*, 199 Kan. 123, 427 P. 2d 453.)

Here the appellant attempts to alter the decree of final settlement which was actually rendered in the probate court of Harper County in the testator's estate. This is confirmed by the testimony of the

probate judge who entered the decree. Furthermore, the decree was in accordance with the requested construction of the will in her petition for final settlement. The lower courts were manifestly correct in denying an order *nunc pro tunc.*

The appellant contends if K. S. A. 59-2205 had been followed and a guardian *ad litem* appointed in the probate court for the hearing on the petition for final settlement in the estate of Elmer E. Hoard, deceased, the provisions of paragraph Seventh would have been interpreted in an adversary proceeding. None having been appointed, it is said, the order is void, citing *Paronto v. Armstrong,* 161 Kan. 720, 727, 171 P. 2d 299 (and see, *Steinkirchner v. Linscheid,* 164 Kan. 179, 188 P. 2d 960.)

The appellant further contends the publication notice to the grandchildren was insufficient, thereby rendering the order of final settlement in the probate court void, citing *Mullane v. Central Hanover Tr. Co.,* 339 U. S. 306, 94 L. Ed. 865, 70 S. Ct. 652; and *Walker v. Hutchinson City,* 352 U. S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200.

The appellant relies on the proposition that in a suit to construe a will, all persons who are interested in the subject matter and whose interests will necessarily be affected by the construction of the will and the decree rendered are not only proper, but necessary and indispensable parties, citing *McFadden v. McFadden,* 174 Kan. 533, 538, 257 P. 2d 146.

The appellant also relies on *Ayers v. Graff,* 153 Kan. 209, 109 P. 2d 202, where the court said:

". . . In this case it is not proper to say they are in privity with their parents and are bound. Such rights as they may have come by reason of their being devisees under the will of Aaron Clingman, and not by reason of their being heirs of their respective parents. . . . The interests of the parents and the children are adverse to each other. Under the circumstances, they were strangers to the suit and such rights as they had were not adjudicated.

. . .

". . . the exact nature of the estate . . . could not have been determined, because none of the issue whose rights would have been adjudicated were before that court as parties to the action. . . ." (pp. 212, 213.)

On the state of the record here presented, the points raised by the appellant in her brief and the authorities upon which she relies are of no avail to her. Bertha Hoard stands before this court individually claiming an interest in Blackacre after the termination of her life estate therein, but she has no interest beyond her life estate

by virtue of the provisions in the last will and testament of her deceased husband, Elmer E. Hoard, which she asserts as a basis for such interest. She is, therefore, not a party in interest and has no standing in court, as an individual, to assert the rights of her grandchildren to attack the decree of final settlement as to the construction of paragraph Third in the will of Elmer E. Hoard, deceased. (On the record and briefs reference to Bertha Hoard in the title of this case "as the Executrix of the Estate of Elmer E. Hoard, Deceased," is erroneous. She has appealed as an individual only.)

The judgment of the lower court is affirmed.