J. B. Colt Co. v. Clark.

No. 27,989.

The J. B. Colt Company, *Appellant*, v. D. G. Clark, *Appellee*.

(266 Pac. 41.)

SYLLABUS BY THE COURT.

1. Justices of the Peace—*Appeal—Effect of Transfer of Cause on Right to Question Jurisdiction.* One who takes an appeal from a judgment of a justice of the peace, tenders and secures the approval of an appeal bond and thus submits himself to the jurisdiction of the court, cannot thereafter deny that jurisdiction.

2. Judgments—*Jurisdiction to Modify or Vacate After Term.* The judgment of a court is deemed to be within its breast during the existence of the term at which it is rendered, and the court may during that time, for good cause, modify or vacate the judgment, but after the close of that term it has no jurisdiction to alter the judgment.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed April 7, 1928. Reversed.

*Harold Medill*, of Independence, for the appellant.

*Sullivan Lomax* and *O. W. Lomax*, both of Cherryvale, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by the J. B. Colt Company against D. G. Clark to recover the purchase price of a lighting plant for the defendant's farm home and other buildings. The case was begun before M. F. Wood, a justice of the peace, on May 14, 1924. A continuance of the case was taken to June 18, 1924, when the defendant filed a demurrer, and a continuance was then taken to July 31, 1924. On September 24, 1924, plaintiff filed an amended bill of particulars by leave of court, and on October 1, 1924, the defendant filed an answer. No further action was taken while M. F. Wood remained in office. On November 24, 1924, S. P. Miles was elected justice of the peace to succeed Wood. Nothing further was done in the case until October 26, 1925, when upon the request of plaintiff the cause was set for final disposition on November 18, 1925. On that date the defendant appeared and filed a demurrer challenging the jurisdiction of the court to hear the case; the demurrer was heard and sustained. On November 23, 1925, the court, on motion of the plaintiff, set aside the ruling and set the cause for trial on December 1, 1925. On that date the justice rendered judg-

Fraudulent Conveyances, 12 R. C. L. 551, 567. Judgments, 34 C. J. p. 212 n. 12. Justices of the Peace, 35 C. J. p. 785 n. 52.

J. B. Colt Co. v. Clark.

ment by default against the defendant for $297.  On December 7, 1925, the defendant took an appeal of the cause to the district court, tendered a proper bond, and the cause was certified up.  In the district court a challenge to the jurisdiction of the court was presented and overruled.  The case then came on for trial before a jury, and the counsel for the defendant made an opening statement, saying:

"It is our contention in this case that when we signed this order that we asked the agent where the factory was, and he told us it was somewhere in New York, in the East or Indiana.  We told him we would not pay freight from there.  He said you will not have to pay the freight from there, we will send it to you from Wichita; and when it came it was from some place in the East, I think it was Evansville, Ind., and the freight instead of being $7.50 was something about $22.50, and we refused to take it on that ground."

Opposing counsel then moved for judgment, on the pleadings and the opening statement of counsel, for the amount sued for, less the difference in freight between what it would have been from Wichita, Kan., and what it was from the point it was shipped from.  The court responded: "All right, judgment for the plaintiff for the amount sued upon, less the difference between the freight from Wichita and the freight from the place where the material was shipped."  Thereupon the jury returned a verdict against the defendant and assessed the amount of plaintiff's recovery at $282.10.  Later the defendant filed two motions, one to set aside the judgment in favor of the plaintiff and render judgment in favor of defendant, and the other was a motion for a new trial.  At the succeeding term the motion for an order to vacate the judgment was taken up and sustained, and later the defendant withdrew his motion for a new trial.  The plaintiff appeals, and urges that after the October term had expired the court was without jurisdiction to vacate that judgment and render a judgment in favor of the defendant.

There is no merit in the contention that jurisdiction of the case was lost because the justice of the peace granted a continuance of the case in the absence and without the consent of the defendant. It appears that after the continuance the defendant appeared and continued to contend with his adversary to the end of the litigation, except that he allowed judgment before the justice of the peace to be taken by default.  More than that, the defendant took an appeal from the judgment, tendered a bond which was approved by the justice of the peace, and brought the case into the district court. By this appeal the defendant effectively submitted himself to the

jurisdiction of the court and could not thereafter deny that jurisdiction. (*Haas v. Lees,* 18 Kan. 449; *Dickson v. Randal,* 19 Kan. 212; *A. T. & S. F. Rld. Co. v. Patch,* 28 Kan. 470.)

As to the jurisdiction of the district court to vacate a judgment after the expiration of the term at which it was rendered there is little room for controversy. A court, of course, has power upon sufficient cause to modify or vacate its judgment at any time during the term of the court at which the judgment was rendered, but it is equally well settled that after the term expires the court is powerless to modify or vacate a judgment that is not void. It has then become a finality, subject of course to review on appeal. (*Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041, and cases there cited. See, also, *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884.) There are statutory exceptions provided for in R. S. 60-3007, but the judgment in question does not fall within any of them. Defendant seems to rely on the fact that a motion for a new trial preserved the jurisdiction, but as we have seen, the court acted only on the motion to set aside the judgment, and the motion for a new trial was withdrawn. The fact that it had been filed did not vest the court with jurisdiction to set aside a judgment rendered at a previous term. It follows that the ruling of the court vacating that judgment must be reversed.