No. 32,973

JOHN HARRISON PERKINS et al., *Appellants*, v. P. E. ASHMORE et al., *Appellees*.

(61 P. 2d 888)

Opinion filed November 7, 1936.

*Elmer E. Martin,* of Kansas City, and *Smith F. Brandom,* of Kansas City, Mo., for the appellants.

*H. J. Smith,* of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, C. J.: The appeal is from an order of the district court

striking out a portion of a journal entry, purporting to be the journal entry of a judgment rendered in July, 1935. The order was made in December, 1935, and after lapse of the term at which judgment was rendered.

Plaintiffs say they obtained a personal judgment against P. E. Ashmore and Mrs. P. E. Ashmore, defendants, and Mrs. P. E. Ashmore filed a motion to set aside the judgment as to her. The motion was in writing and speaks for itself. It was a motion to correct the journal entry of judgment to show no personal judgment was in fact rendered against Mrs. Ashmore. The portion of the journal entry showing a personal judgment against Mrs. Ashmore was stricken out, which was the best way to correct the journal entry, if the motion to correct were well taken.

Rendition of judgment is one thing, and a judgment may not be modified, on simple motion to modify, after lapse of the term. Journal entries are something else, and may be correct or incorrect. Correction of a journal entry purporting to recite what the court did, to make the journal entry show what the court actually did, may be made after lapse of the term at which judgment was rendered.

Plaintiffs do not recognize the distinction just noted, and say the question for decision is whether the judgment rendered on July 26, 1935, was void so far as it affected Mrs. Ashmore, or whether the judgment of December, 1935, was void. No such question is presented. The question is whether the journal entry of the proceeding of July 26, 1935, showing judgment against Mrs. Ashmore, was correct.

The action was one against both Ashmores, as defendants. P. E. Ashmore obtained an option contract from the owner to purchase premises and went into possession of the premises with his wife. A copy of the contract, signed by Ashmore alone, was attached to the petition. Plaintiffs, however, alleged that "the defendants," meaning both Ashmore and his wife, breached the terms of the contract, and by reason of failure to pay installments specified in the contract, and continued occupancy of the land, both became indebted in a certain sum. The prayer of the petition was for cancellation of the contract, for a money judgment against both defendants, and for possession.

The fact was, Ashmore, who alone signed the contract, had surrendered it to the owner. The surrender was endorsed on the instrument, and had been accepted by the owner. The Ashmores, how-

ever, remained in possession. A claim was made in the answer that possession was continued under some arrangement with the owner, which was not proved, and equitable grounds for remaining in possession were pleaded.

Plaintiffs filed an amended and supplemental petition, the burden of which was, defendants became tenants, and became liable for reasonable value of use and occupation. The prayer was that the surrendered contract be declared null and void, that plaintiffs have judgment against defendants for a sum of money, and that plaintiffs have judgment for possession.

An answer to the amended petition was filed, repleading the original answer and denying everything in the amended petition inconsistent with the original answer.

No case is cited, and the court knows of none in which it has been held that when a husband makes a contract relating to purchase of land, goes into possession and his wife accompanies him and lives with him on the land, the wife becomes liable either for breach of the husband's contract or for value of use and occupation of the land.

It is now contended, in effect, the patent nonliability of the wife was turned into liability by admissions in the original answer. The answer was filed on behalf of defendants, P. E. Ashmore and Mrs. P. E. Ashmore. The answer said they made the contract which was, in fact, made by P. E. Ashmore, that they surrendered the contract which was, in fact, surrendered by P. E. Ashmore, and that "these answering defendants" had certain defenses and certain equitable rights in the land which were stated. Throughout the joint answer no distinction was made between P. E. Ashmore and his wife. The answer to the amended petition was an answer "by the defendants."

At the trial there was proof of reasonable value of use and occupation of the land. There was no proof of liability of Mrs. Ashmore to a personal judgment for money on contract, express or implied, or otherwise, and her attorney moved that the action be dismissed as to her. The court said, "Well, she is in possession with her husband." Thereupon, the motion to dismiss was withdrawn. The remark of the court gave no indication that Mrs. Ashmore could be or would be subjected to a personal judgment for money.

The court's minute of the judgment rendered on July 26, 1935, so far as material here, reads:

"Judgment for plaintiff for possession of real estate and for rent at the rate of $25 per month for the time prayed."

Reading this minute, this court declines to impute to the district court design to start any new law in this state to the effect that when husband and wife are occupying land, upon which they entered pursuant to some arrangement with the owner to which the wife was not a party, she must pay rent if her husband does not.

The original journal entry was signed by counsel for the respective parties and by the court. The journal entry of the order correcting the former journal entry reads:

"*Be it remembered,* That on this 14th day of December, 1935, it being a judicial day of the regular December, 1935, term of said court, said cause came regularly on for hearing upon the motion of defendant, Mrs. P. E. Ashmore, to correct journal entry of judgment theretofore made and entered on July 26, 1935, in said court and cause, and plaintiffs appearing by E. E. Martin, their attorney of record, and defendant, Mrs. P. E. Ashmore, appearing by her attorney, H. J. Smith; thereupon said motion was argued to the court; and the court, after examining the files and records in said cause, and hearing the arguments of counsel in reference to said motion, and being fully advised in the premises, finds therefrom as follows:

"That on July 26, 1935, a journal entry of judgment was made and entered in said court and cause, paragraph five of which is as follows, to wit:

" 'Fifth, That the owners of said property hereinabove named have and recover of and from the defendants and they are hereby given judgment against the defendants for the sum of ten hundred and ninety dollars ($1,090), the possession of said property and the costs of this action for which execution shall issue.'

"That said fifth paragraph of said journal entry was and is erroneous in that the owners of the real property mentioned and described therein recovered a personal judgment against defendant, Mrs. P. E. Ashmore, for the sum of ten hundred and ninety ($1,090) dollars, and costs of said action, for the reason that said money judgment in said sum and costs was not warranted by either the pleadings or the evidence, and that the attention of the court was not called to said point now raised at the time of the entry of said judgment. That said entry of judgment, insofar as it constitutes a money judgment in the sum of ten hundred ninety ($1,090) dollars and costs, against said defendant, Mrs. P. E. Ashmore, should be vacated, set aside and held for naught.

"It is, therefore, by the court, duly considered, ordered, adjudged and decreed, That said entry of judgment of date July 26, 1935, insofar as it attempts to constitute a money judgment in the sum of ten hundred ninety ($1,090) dollars and costs, against the defendant, Mrs. P. E. Ashmore, be and the same is hereby vacated, set aside and held for naught.

"WM. H. McCAMISH,
"*Judge District Court, Third Division.*"

It will be observed the court finds that the fifth paragraph of the first journal entry was erroneous, and the entry of personal judgment against Mrs. Ashmore should be stricken out. The judgment

was that the entry of judgment—not the judgment—so far as it related to personal judgment against Mrs. Ashmore, be stricken out.

When the court used the words, "for the reason that said money judgment, etc.," the court was not speaking of rendition of judgment. It was speaking of a misrecital in a journal entry having no foundation in pleadings or evidence, and hence not in the purview of the court when judgment was pronounced. The words, the "point now raised," necessarily referred to the point raised by the motion to correct. That point was not raised at the time of "entry" of "said judgment." It could not be raised in July, when judgment was rendered, or until an entry of the judgment rendered was proposed. The meaning of the word "entry" is made clear enough by the sentence beginning, "That said entry of judgment insofar, etc.," and by the order of correction, both of which referred to the incorrect journal entry.

The district judge, who made the order, knew what he did when he rendered judgment. This court will not impute to him ignorance of the extent of his power, or abuse of power. While the last journal entry is inartistically drawn, interpreting it as a whole, it is clear the district court did no more than it was authorized to do, that is, correct an incorrect journal entry.

The judgment of the district court is affirmed.