No. 36,993

Mary Hinshaw, *Appellee,* v. Donald L. Hinshaw, Jr.,
Administrator of the Estate of Donald L. Hinshaw, Sr.,
Deceased, *Appellant.*

(203 P. 2d 201)

Opinion filed March 5, 1949.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita,
was with him on the brief for the appellant.

*Clarence R. Sowers,* of Wichita, was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order of the court correct-
ing a journal entry of judgment *nunc pro tunc* and from a further
order overruling defendant's motion for a new trial. A rather de-
tailed recital of the facts is necessary in order to bring out the ques-
tions involved.

This matter started out as a simple divorce case. Plaintiff and
defendant were married in 1943 and sometime during 1945 plaintiff
sued defendant for a divorce in the district court of Sedgwick county.
Defendant filed an entry of appearance and waiver of issuance of
summons and on October 16, 1945, the cause came on for hearing.
The defendant was in default of answer and was not present in court

in person or by counsel. Plaintiff introduced her evidence and was granted a decree of divorce from the defendant. The journal entry of the judgment of the court recited that plaintiff be awarded the sum of $2,400 permanent alimony, payable at the rate of $50 per month, commencing November 1, 1945; that in lieu thereof plaintiff was to have the use and occupancy of the home of the parties at 1802 S. Minnesota, Wichita, for a period of four years commencing November 1, 1945; that the fair and reasonable rental value of said property was $50 per month; and that plaintiff, for the further use of said premises, should pay the taxes thereon. Plaintiff was given custody of the fourteen-year-old son of defendant by a former marriage, the defendant to pay into court the sum of $30 per month commencing November 1, 1945, as child support until further order of the court. In addition plaintiff was given, as her sole and separate property, all of the household furnishings and effects in the premises in question. As heretofore stated, the above provisions are the substance of the recitals in the journal entry of judgment.

Apparently defendant became in arrears on his child support payments and on February 4, 1946, was cited into court in a contempt proceeding. The record shows that on February 9, 1946, the same being a day of the January, 1946, term of court, plaintiff and her counsel were in court and defendant was present without counsel. Evidence was introduced and the journal entry of the judgment rendered on this date recited that plaintiff had relinquished her possession of the premises at 1802 S. Minnesota and elected in lieu thereof to take the $50 per month payments on her permanent alimony judgment and that such arrangement was agreeable to the defendant who desired possession of the property and also custody of his minor son; that defendant be given possession of the real estate in question; that he pay to plaintiff the sum of $50 per month on the permanent alimony judgment; that said alimony judgment be a lien on the real estate; that custody of his minor son be given to him and that he be relieved of further child support payments. We are advised that plaintiff and her counsel, together with the defendant, approved and signed this journal entry.

Later defendant secured the advice of counsel and on July 8, 1946, filed a motion to set aside the judgment entered on February 9, 1946, modifying the previous order and judgment rendered on October 16, 1945, except that portion with reference to the custody of the child, on the ground that such order of February 9th was

void, and to set aside that portion of the October 16, 1945, order which granted judgment in favor of plantiff for the sum of $2,400 permanent alimony payable at the rate of $50 per month, and in lieu thereof the use and occupancy of the premises for a period of four years commencing November 1, 1945, for the reason that the court was without jurisdiction to make such an order and that the same was null and void.

On March 21, 1947, this motion came on for hearing. Plaintiff and her counsel and defendant's counsel were present in court. Evidence was introduced and when it was discovered that apparently there was a discrepancy between the actual judgment of the court rendered on October 16, 1945, and the journal entry thereof, the plaintiff orally moved the court for an order *nunc pro tunc* to correct the journal entry of October 16, 1945, *and to correct the judgment of said date*. Further hearing was continued until March 28, 1947, at which time the parties appeared as before and further evidence was introduced. At the conclusion of this hearing the court stated:

". . . In the decree of divorce the decree should be changed to speak the truth. There is no question but what the journal entry of the decree of divorce did not set forth the findings of the Court at the time of the trial.

"I am going to order the journal entry corrected to comply with the Reporter's notes giving the home and furniture to the plaintiff and I will make a finding that also the record shows that that was to be until the defendant's boy was through high school, but I will make a further finding that that part of the order is void and that the journal entry should read that the plaintiff be given the home and furniture."

and the ultimate ruling of the court, as disclosed by the pertinent portions of the journal entry covering this hearing of March 28, 1947, was as follows:

"(1) That the decree of divorce of October 16, 1945, should be changed to speak the truth.

"(2) The Court further finds that the decree of divorce did not set forth the findings of the court at the time of the trial.

"(3) The court further finds that the journal entry of judgment should be corrected to comply with the reporter's notes giving the home and furniture to the plaintiff.

"(4) The court further finds that the record also shows that that was to be until the defendant's boy is through high school.

"(5) The court further finds that that portion of the order made on October 16, 1945, by the court, 'until the defendant's boy is through high school,' is void; the court further finds that the journal entry should be corrected to read, 'that the plaintiff be given the home and furniture.'

"It Is Therefore by the Court Considered, Ordered, Adjudged and Decreed:

"(1) That the purported judgment entered by the court on the 9th day of February, 1946, should be, and the same is hereby set aside and vacated and held for naught in so far as it attempts to modify or in any way change the order of this court made on the 16th day of October, 1945, regarding permanent alimony; and that all reference to permanent alimony in said decree should be, and the same is hereby stricken;

"(2) That the journal entry of the judgment rendered by this court on the 16th day of October, 1945, should be corrected to speak the truth *nunc pro tunc* and that the paragraph of said journal awarding the plaintiff judgment against the defendant for $2,400 permanent alimony and in lieu thereof awarding the plaintiff the use and occupancy of the property located at 1802 South Minnesota, Wichita, Kansas, should be stricken from the journal entry and the journal entry should be corrected to read in lieu of such paragraph that the plaintiff be, and is hereby, awarded the home and furniture located at 1802 South Minnesota, Wichita, Kansas; and that such correction should stand *nunc pro tunc* as having been the order and judgment of this court in fact made on said date."

In passing, it should be noted that the court's finding that the *actual* order, made on October 16, 1945, that—*plaintiff should have the home and furniture until the defendant's boy was through high school*—was based on substantial competent evidence and such finding will not be disturbed on appeal.

Defendant's motion for a new trial, filed March 31, 1947, moved to set aside and vacate the judgment rendered on March 28, 1947, ordering the journal entry and judgment corrected to speak the truth, and to grant a new trial on the grounds:

1. Of abuse of discretion of the court.

2. Of erroneous rulings of the court.

3. That the decision was in whole and in part contrary to the evidence.

4. That the decision of the court was contrary to the evidence and the law.

On May 20, 1947, the motion for new trial was overruled and on May 28, 1947, notice of appeal was given—service of the same being acknowledged as of May 27, 1947.

The notice of appeal recites that defendant appeals from the decision rendered on March 28, 1947, ordering that the journal entry of judgment rendered on October 16, 1945, should be modified *nunc pro tunc* and wherein it was ordered that the journal entry be corrected to show that the home and furniture were awarded by the court on

October 16, 1945, to the plaintiff, and from the order overruling the motion for a new trial.

The defendant, the original appellant herein, died pending the determination of this appeal and the cause was revived in the name of his administrator.

In her brief appellee argues that this court is without jurisdiction to entertain the appeal for the reason that it was not taken in time, the argument being that since the question before the lower court was purely legal in nature, no motion for a new trial was necessary and the pendency of such motion could not extend the time for perfecting the appeal. Assuming a motion for a new trial was not necessary, and passing over the matter as to acknowledgment of service of the notice of appeal as of May 27, we hold the appeal was "perfected within two months from the date of judgment or order from which the appeal is taken." (G. S. 1947 Supp. 60-3309.) See, also, G. S. 1947 Supp. 60-3819, with reference to computation of time within which an act is to be done.

And so we find that, irrespective of the various inaccuracies contained in the journal entry, the *actual* judgment of the court at the time of the granting of the divorce on October 16, 1945, was that— *plaintiff should have the home and furniture until the defendant's boy was through high school.* The court on March 28, 1947, changed this order to read—"that the plaintiff be given the home and furniture." Thus the *actual* order gave her the property for a limited time—the *later* order gave it to her absolutely.

Stripped of all technicalities with reference to the erroneous and inaccurate journal entry presented to the trial judge purporting to cover his ruling of October 16, 1945, and the various subsequent motions, hearings and rulings in the case, the sole and only question presented to us for decision on this appeal is this—could the trial court, at a subsequent term, under the guise of an order *nunc pro tunc,* change or modify the terms of the decree of divorce with respect to the property rights of the parties?

Our answer to the question must be in the negative. At the time the divorce was granted the court gave the home and furniture to the plaintiff until the defendant's boy was through high school. Seventeen months later and at a subsequent term the court attempted to change that order by giving plaintiff the home and furniture outright. This court has held in an unbroken line of decisions that as to the jurisdiction of a court to modify or vacate a

judgment after the expiration of the term in which it was rendered, there is little room for controversy. A court has power, upon sufficient cause, to modify or vacate its judgment at any time during the term, but it is equally well settled that after the term expires the court is powerless to modify or vacate a judgment that is not void. (*J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41; *Drury v. Drury,* 143 Kan. 83, 53 P. 2d 792.) There are statutory exceptions provided for in G. S. 1935, 60-3007, but the judgment in question does not fall within any of them.

And likewise the fact that the court attempted to modify the original judgment under the guise of an order *nunc pro tunc* does not change the situation. A judgment is the final determination of the rights of the parties in an action and is the decision of the court. It may or may not be correctly spread of record in the journal entry. If not, then it may be corrected to speak the truth by an order *nunc pro tunc* even after the expiration of the term in which it was rendered. But the function of an order *nunc pro tunc* is not to make an order now for then but to enter now for then an order previously made. (*Victory Life Ins. Co. v. Freeman,* 145 Kan. 296, 65 P. 2d 559; *Schneider v. Schneider,* 147 Kan. 621, 78 P. 2d 16; *Bush v. Bush,* 158 Kan. 760, 150 P. 2d 168.)

We have already shown that the order previously made was that plaintiff was to have the home and furniture until the defendant's boy was through high school. From this state of the record it therefore follows that the ruling of the court overruling defendant's motion for a new trial is affirmed but such portion of the order and judgment of March 28, 1947, as attempts to alter or in any way change the order of the court actually made on October 16, 1945, with reference to the property rights of the parties, is vacated and set aside.

ARN, J., not participating.