### No. 43,960

EMMA JANE HENDERSON, *Appellant*, v. RALPH LEE HENDERSON, *Appellee*.

(399 P. 2d 877)

Opinion filed March 6, 1965.

*Gerald D. Lasswell*, of Wichita, argued the cause, and *E. L. Malone* and *Edgar Wm. Dwire*, both of Wichita, were with him on the briefs for the appellant.

No appearance was made by the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This appeal challenges the validity of an order which reduced the amount of monthly payments decreed under a divorce and alimony judgment.

The procedural facts necessary to present the limited issue on appeal can be briefly stated.

On January 2, 1959, the district court of Sedgwick County, division No. 4, granted a divorce to Emma Jane Henderson and entered an alimony judgment in her favor against Ralph Lee Henderson in the sum of $15,000.00, payable at the rate of $125.00 per month, commencing January 2, 1959.

On June 20, 1959, Ralph Lee Henderson filed a motion for an order modifying the rate of payment of the alimony judgment. On June 29, 1959, the district court of Sedgwick County, division No. 3, entered an order granting the motion and reduced the rate of alimony payments from $125.00 per month to $50.00 per month, commencing July 2, 1959.

The terms of the Sedgwick County district court commence on the third Monday in January, the first Monday in April and the third Monday in September of each year.

On November 27, 1963, Emma Jane Henderson filed a motion to

vacate and set aside the order reducing the rate of alimony payments. Pertinent allegations of the motion read:

"In support of this motion plaintiff shows to the Court that said order of this Court entered on the 29th day of June, 1959, so reducing said alimony payments is in fact a void judgment for the reason that said Court did not have the jurisdiction nor authority to reduce said alimony payments."

Later, and on December 23, 1963, the district court entered an order overruling the foregoing motion. The material portions of such order follow:

"The Court, upon hearing statements of counsel, examining the files herein, statements of the defendant, and being duly advised in the premises finds that this Court's order of June 29, 1959, wherein the alimony payments which the defendant was ordered to pay to the plaintiff were reduced from the sum of $125.00 per month to the sum of $50.00 per month was not a void order and therefore plaintiff's motion to vacate void judgment should be overruled."

Thereupon Emma Jane Henderson perfected this appeal from the trial court's order and judgment.

For informative purposes it should be noted that Ralph Lee Henderson appeared in person in the court below but makes no appearance in this court in the instant appeal.

The appellant contends that an alimony judgment is a final determination and that the district court had no authority or jurisdiction to modify it on a motion filed during a subsequent term of court.

Without specifically discussing the question the appellant appears to protect herself from any possible application of the rule that "while a void judgment cannot be validated by consent, ratification, waiver or estoppel, one may by his conduct, bar or estop himself from attacking the judgment." (49 C. J. S., Judgments, § 452, p. 883.) In this connection she points out that, in addition to the reduction in the amount of the monthly payments, the judgment reducing the amount extended the monthly payments over a period in excess of ten years and subjected the entire amount of the alimony judgment paid, or to be paid, to her to the payment of Federal income taxes. We are assured by appellant that she received detriments rather than benefits from the judgment.

The trial court in its order on the motion to vacate the judgment gave as its sole reason for denying the motion that the ". . . order of June 29, 1959, wherein the alimony payments which the defendant was ordered to pay to the plaintiff were reduced from the sum of $125.00 per month to the sum of $50.00 per month was not a void order. . . ."

We now direct our attention to the question of whether or not the involved order was void and, for reasons to be presently stated, are forced to conclude that it was.

It has long been the established rule in this jurisdiction that a judgment for alimony is a final determination of the rights of the parties.

Marriage under the civil law is a contractual relationship and when the marriage is dissolved the court winds up its affairs as it would do on the dissolution of any other partnership or joint venture. However, the winding up of the affairs is regulated by law. In addition to the dissolution of the marriage, the court must provide for the custody and support of the minor children of the marriage and the settlement of property affairs.

Under the provisions of G. S. 1949, 60-1510, as amended in 1953 (Laws of 1953, Chapter 278, Section 1), in providing for the custody and support of the minor children of the marriage the court was given specific authority to retain jurisdiction to modify or change such order. Under the provisions of G. S. 1949, 60-1511, in authorizing the court to make orders for permanent alimony and division of property, no authority was granted to retain jurisdiction or change such orders.

The question, now under consideration, was fully discussed and determined in *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566, where it is said and held:

"In framing the existing law, the legislature had distinctly in mind and expressly dealt with the subject of continuing jurisdiction. The regulation relating to settlement of property interests follows immediately after the regulation relating to custody and maintenance of children. Continuing jurisdiction to change any order relating to custody, support and education of children was granted. No such power was granted with respect to settlement of property interests, and the omission is tantamount to express denial. The judgment for alimony is a final determination of the rights of the parties in respect to alimony. A court cannot give itself power by its own order to make future revisions of the merits of the judgment, and, of course, the parties to the action cannot confer such jurisdiction by agreement." (pp. 850, 851.)

See, also, *Hoffman v. Hoffman*, 156 Kan. 647, 135 P. 2d. 887, where, in considering a divorce decree, we compiled our earlier decisions, which need not be again cited here, and held:

"After the lapse of the term at which a final judgment was rendered the district court had no power to modify or vacate the judgment, except in accordance with the express provisions of the code of civil procedure." (Syl. ¶ 9.)

And see *Hinshaw v. Hinshaw*, 166 Kan. 481, 203 P. 2d 201, where, in dealing with an attempt to modify a divorce decree after the term in which it was rendered, we held:

"Except in the case of a void judgment (G. S. 1935, 60-3009) or one falling within the provisions of G. S. 1935, 60-3007, the district court is powerless to modify or vacate a judgment after the expiration of the term in which it was rendered." (Syl. ¶ 1.)

And in the opinion said:

". . . A court has power, upon sufficient cause, to modify or vacate its judgment at any time during the term, but it is equally well settled that after the term expires the court is powerless to modify or vacate a judgment that is not void. (*J. B. Colt Co. v. Clark*, 125 Kan. 722, 266 Pac. 41; *Drury v. Drury*, 143 Kan. 83, 53 P. 2d 792.) There are statutory exceptions provided for in G. S. 1935, 60-3007, but the judgment in question does not fall within any of them." (p. 486.)

It should perhaps be stated that the judgment here involved does not fall within the statutory exceptions provided by G. S. 1949, 60-3007.

It must be understood that in reaching the conclusions herein announced we are considering the rules of civil procedure as they existed prior to January 1, 1964, the effective date of the new code.

Based on what has been heretofore stated and held we can only conclude the trial court was without power, authority or jurisdiction to make its order of June 29, 1959, reducing the rate of alimony payment per month. That order was void and the original judgment as rendered retains its vitality and is not affected by the court's subsequent action.

For the purpose of clarifying the record the void order should be vacated and set aside.

The judgment from which the appeal was perfected must be and is reversed.