No. 46,273

Maurice D. Drummond, *Appellee,* v. Peggy J. Drummond, *Appellant.*

(495 P. 2d 994)

Opinion filed April 8, 1972.

J. W. *Mahoney,* of Carson, Mahoney & Fields, of Kansas City, argued the cause, and *Charles D. Kugler,* of the same firm was with him on the brief for the appellant.

*Harold Kip Wells,* of Ross, Wells & Barnett, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: The parties to this appeal were divorced on the 25th day of July, 1969, in the District Court of Wyandotte County, Kansas. The decree of divorce incorporated a separation agreement which had stipulations for a division of property, alimony, and

custody and support of the parties' children. On the 14th day of May, 1970, the defendant wife filed a motion to modify the decree of the court with respect to alimony. The motion to modify was denied and the defendant appeals.

In denying the motion to modify the court found that the defendant wife had remarried and by reason of said marriage the alimony award as provided in the decree of divorce, and in the stipulation and agreement, should cease as of the date of said marriage. The date of said marriage is not disclosed by the record. The defendant wife does not complain of this ruling and does not deny the fact of remarriage. In view of this, we accept the trial court's findings and judgment as to the effect of remarriage except as said findings and judgment may be affected by the motion to modify.

The plaintiff and the defendant were married on July 18, 1957. Subsequent to their marriage the parties adopted two children and on July 25, 1969, after twelve years of marriage, they obtained a divorce each from the other as above recited. During the course of the marriage the parties through their joint efforts, plaintiff as a dentist and defendant as his assistant, accumulated a sizable estate. Prior to the trial of the divorce, which came on as a default matter, the litigants by and through their attorneys were negotiating a property settlement agreement.

The negotiated agreement provided for a division of property and $2,900 a month alimony for the first ten months, and $1,900 a month alimony thereafter until death or remarriage of the defendant. The agreement also made proper provision for custody and support of the children.

The motion to modify alleged that a portion of the alimony award was, in effect, a division of property, and that in view of defendant's impending remarriage it would unjustly deprive her of property unless modified.

In overruling the motion the court made the following findings:

"From the oral arguments of counsel it has been indicated to the Court that the defendant, Peggy J. Drummond, has since entered into a marriage contract with a third party.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Not appearing in the record was a statement by counsel for the defendant, and an offer of proof by oral testimony, to the fact that the alimony provisions provided in the stipulation and agreement, and included in the decree of divorce, was not in the nature of an award for future support for the defendant but was in the nature of a division of the assets of the parties accumu-

lated during the course of the marriage. From all the records it indicates that the bulk of the accumulated assets were set over to the plaintiff husband, however, there was set over to the defendant as her sole and separate property the homestead, a half interest in the farm, all the personal household goods, including tractors, lawnmowers, miscellaneous machinery, and also some horses. This Court refused the offer of proof by the defendant in this matter at the oral argument of the motion on May 22nd. However, during the course of the argument, plaintiff, by and through his attorney, did stipulate that the alimony award was not future support for the defendant but was a means of equalizing the division of the property.

"The Court finds that to strictly enforce the provisions of the decree of divorce and the stipulation and agreement in this respect as to alimony would materially and substantially reduce the division of property in favor of the defendant in this case, with somewhere in the vicinity of one-third to three-quarters of the accumulated assets of the marriage being awarded to the plaintiff, if the support payments in the nature of alimony to the wife in the amount of $1900 per month were to be terminated by reason of her remarriage.

"However, from a review of the authorities cited in the respective briefs, that being the case law as well as the statutory law, this Court concludes that it is without authority at this time for the reasons set forth in defendant's motion, oral statements, in the memorandum and exhibits presented, to grant the relief requested, that being to reduce to a lump sum the alimony award and require the payment over a given period of years.

"The Court, therefore, denies defendant's motion for this relief and does find that by reason of the remarriage of the defendant that the alimony award as provided for in the decree of divorce and stipulation and agreement should cease as of the date of said marriage. This order is effective as of date it is filed."

We are controlled by K. S. A. 1971 Supp. 60-1610 (b), (c), and (d), which reads as follows:

"(b) *Division of property.* The decree shall divide the real and personal property of the parties, whether owned by either spouse prior to marriage, acquired by either spouse in his or her own right after marriage, or acquired by their joint efforts, in a just and reasonable manner, either by a division of the property in kind, or by setting the same or a part thereof over to one of the spouses and requiring either to pay such sum as may be just and proper, or by ordering a sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"(c) *Maintenance.* The decree may award to either party an allowance for future support denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all of the circumstances. The decree may make the future payments conditional or terminable under circumstances prescribed therein. The allowance may be in a lump sum or in periodic payments or on a percentage of earnings or on any other basis. At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the alimony originally awarded that have not already become due, but no modification shall be made,

without the consent of the party liable for the alimony, if it has the effect of increasing or accelerating the liability for the unpaid alimony beyond what was prescribed in the original decree.

(d) *Separation agreement.* If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled thereby shall be confirmed in the decree except that any provisions for the custody, support, or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. Matters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children, shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."

The defendant states the question presented on appeal in the following language:

"Where the parties intended a portion of the alimony award to be equalization of property, could the trial court under its equitable powers effectuate that purpose, despite the wife's remarriage, by setting over to her, her proportionate share of the joint property."

The plaintiff restates the question presented on appeal in the following language:

"Can a party (wife in this instance) accelerate alimony payments to her by continuing them on after her remarriage when to do so is in clear violation of the divorce decree and separation agreement entered into and executed by the parties approved by trial court when said divorce decree and separation agreement clearly terminate alimony payments upon remarriage?"

Defendant contends the prevailing factor to be considered by the court is the intent of the parties at the time of the making of the contract, and it is this intent which must be enforced despite the literal meaning of the words employed in the contract.

Defendant argues that a portion of the alimony award was meant to equalize the property settlement and, based upon competent evidence, this intention was found to be a fact by the trial court. In addition, defendant points out that plaintiff's counsel stipulated in open court that the alimony award was a means of equalizing the division of property. Defendant explains that the reason defendant did not receive additional property and less alimony was because of the unique nature of the property. The assets of the parties did not lend themselves to joint ownership and they would not have maintained their worth if set over to the wife. The only suitable manner in which to divide the property was to award the property to the husband who was in a position to maintain it and compensate the wife for her share of the property in some other

manner. Further, the division of property was included in the alimony figure so as to allow plaintiff in the higher income bracket to deduct the full amount, while the wife in a lower bracket paid tax on it. Defendant points out that income tax plays a substantial role in divorce proceedings and attorneys would be remiss in their duties if they did not take full advantage of tax laws. The parties felt at the time the contract was made that the wife would not remarry in the near future and thus the monetary payments appeared to be the most expeditious manner of reducing the tax burden on the husband.

Defendant further contends that *Herzmark v. Herzmark,* 199 Kan. 48, 427 P. 2d 465, which held remarriage terminates alimony, has no effect on that portion of a judgment which was intended by all parties to be a division of property.

The request of defendant is that the contract and judgment be modified by setting over to defendant a lump sum of $100,000 payable in six and two-thirds years, or remanding the case to the trial court with instructions that a hearing be held to determine what portion of the alimony award was a division of property.

Plaintiff points out the vital changes in the code concerning alimony, division of property, and separation agreements. The new code separates the division of property concept from that of alimony. Alimony is now purely a future support concept and it no longer retains any relationship to the division of property aspect. The court can now decree alimony to be payable until death or remarriage. Alimony may be modified, but the court cannot increase the award either in amount or by decreasing the time in which the spouse must pay the alimony.

Plaintiff also points out that a separation agreement merged in a journal entry cannot be modified by the court except as the agreement itself may prescribe.

Plaintiff relies on *Flannery v. Flannery,* 203 Kan. 239, 452 P. 2d 846, which involved a motion to modify a decree of the court with respect to division of property. At page 244 we said:

"The rule expressed in Conway was followed in cases involving alimony (see *Hinshaw v. Hinshaw,* 166 Kan. 481, 203 P. 2d 201; *Henderson v. Henderson,* 194 Kan. 456, 399 P. 2d 877) until, in 1963, the legislature changed the existing law with respect to alimony. K. S. A. 1968 Supp. 60-1610 (*c*) enacted at that time, now governs the allowance and payment of alimony. Among other major changes effected in the realm of alimony by this statute is the provision which authorizes the court to modify the amounts or conditions

for payment of alimony originally awarded, but not yet due, except that no modification may be made without the consent of the obligor which would effect an increase or acceleration of liability for unpaid alimony beyond that prescribed in the original decree.

"It is significant that while the statute expressly authorizes the court, upon notice and hearing, to modify the original award of alimony, subject, of course, to the limitation therein set out, there is no comparable authority granted with respect to that part of a divorce decree which relates to an award or division of property. This omission can be construed only as a deliberate legislative design to withhold from a trial court the power to modify its original decree as to property rights or division of property. Had the legislature intended to vest the court with continuing jurisdiction in matters of property, as well as alimony, we must presume it would have made similar provisions as to both."

Defendant's motion to modify, although aimed at the award of alimony, has the effect of changing the division of property which is specifically prohibited by our decision in *Flannery*. We conclude that *Flannery* controls the issues in this case. However, the effect of defendant's counsel stipulating in open court that the alimony award was not future support for the defendant, but was a means of equalizing the division of the property, merits some comment.

The defendant's argument that the true intent of the parties is not being honored by the court is without merit. The true intent of the parties must be determined from the contract itself. What the defendant's intentions were or what the plaintiff's intentions were are of no concern since intent must be determined by the provisions of the written instrument. A separation agreement is subject to the same rules of law applicable to other contracts and this rule is well stated in *In re Estate of Hill,* 162 Kan. 385, 176 P. 2d 515, in Syl. ¶ 4:

"The intention of the parties to and the meaning of a contract are to be deduced from the contract where its terms are plain and unambiguous, and when the language is clear and unequivocal the meaning must be determined by its contents alone, and words cannot be read into a contract which import an intent wholly unexpressed when the contract was executed. The court may not make an agreement for the parties which they did not make for themselves."

It is apparent the defendant was represented by able and conscientious counsel throughout the negotiations for settlement. It is indicated in the record that at the time of the negotiations the defendant had no thought of remarrying. It is also apparent that the nature of the settlement was affected by tax considerations. The nature of the property of the parties as to requiring personal supervision and control of the plaintiff, undoubtedly had some

effect on the terms of the agreement. Under these circumstances, we can readily see and understand why defendant's counsel and the defendant herself agreed to the settlement.

Regardless of the motives, we do not believe that a defendant, through her counsel, can present a separation agreement to the trial court, seek the trial court's approval, ask the trial court to incorporate it in a decree, and later, by motion, request the trial court to find that this was not the agreement of the parties and it should be set aside or modified. We can readily see that a wife, by way of settlement, could agree to accept a higher alimony award in lieu of an award of specific property. The wife has this right. Having made that decision, she is bound by it and cannot avoid its consequences because of a subsequent decision to again seek the happiness of marriage. Furthermore, the defendant has accepted all the benefits she obtained by the agreement and now seeks to modify that same agreement to avoid its disadvantages. A party may not accept the benefits of a judgment and reject its burdens. (*Cohen v. Dresie,* 174 Kan. 391, 256 P. 2d 845.)

In *Herzmark v. Herzmark,* supra, we said:

"When the original decree of divorce is entered care should be exercised so that any payments to equalize the division of property are not included with payments for future support denominated as alimony." (p. 52.)

The admonishment in *Herzmark* as to care should be reiterated. We cannot dictate the provisions of a separation agreement, but court and counsel should be cautious and careful that the parties understand the legal consequences of their acts. The distinction between division of property and alimony should be clearly explained in accordance with the statutes of this state and the decisions of this court.

Affirmed.