No. 46,287

DOROTHY J. MILLER, *Appellee,* v. JOHN R. MILLER, *Appellant.*

(496 P. 2d 1343)

Opinion filed May 6, 1972.

*Joe L. Norton,* of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, argued the cause, and *John J. Gardner,* of the same firm was with him on the brief for the appellant.

*Andrew D. Lyons,* of Overland Park, argued the cause and was on the brief for the appellee.

*Per Curiam:* This is a divorce action. The defendant husband appeals from an order purporting to construe that portion of the original decree which, in addition to awarding the wife monthly alimony, ordered the husband to pay annually as alimony:

". . . a further sum equal to twenty-five percent of the defendant's adjusted gross income over $10,000.00, as computed for Federal Income Tax purposes, commencing with January 1, 1968, and continuing until the death or remarriage of the plaintiff, as heretofore set out."

The husband is self-employed as an attorney. In 1968 he commenced making contributions to a retirement plan for self-employed persons, commonly known as a Keogh plan. He deducted such contributions in computing his "adjusted gross income," and based his annual alimony on the resulting amount for 1968 and 1969. At the time of the decree, August 18, 1967, he was not participating in such a plan, although it is agreed that contributions were then, as they are now, deductible in arriving at "adjusted gross income" for federal income tax purposes.

The wife responded with a motion to construe the decree and to require him to pay the amount she claims is due for those two years. The trial court sustained her motion, finding:

"That at the time of the pronouncement of the Decree of Divorce in using the term 'adjusted gross income', the Court did not contemplate contributions to a Keogh Retirement Plan. . . .

"IT IS THEREFORE BY THE COURT ORDERED, that for purposes of computing the twenty-five percent (25%) of the defendant's adjusted gross income over $10,000.00, defendant shall make such computations prior to any deduc-

tions or contributions to a Keogh Plan or similar self-employed retirement plan. . . ."

It further ordered the husband to pay the arrearages due under this revised formula.

This court is unable to perceive any ambiguity in the original decree calling for a judicial interpretation. The phrase "adjusted gross income . . . as computed for Federal Income Tax purposes" had a definite and readily ascertainable meaning at the time the trial court first employed it, which remained materially unchanged when the wife's motion was filed. Unquestionably the figure may vary according to the manner in which the husband chooses to handle his business affairs and bookkeeping—income may be postponed by such devices as accelerated depreciation or by nonrecognition or nonrealization of capital gains.

It would appear that, as the trial court noted, this was a facet of the internal revenue code not comtemplated at the time of the original order. The order appealed from reflects what the judgment *would have been* if this factor had been considered, but its effect is to modify the decree actually entered in such a way as to increase the husband's liability for alimony over that originally ordered. This, of course, the court cannot do. K. S. A. 1971 Supp. 60-1610 (c); cf., *Drummond v. Drummond*, 209 Kan. 86, 495 P. 2d 994; *Flannery v. Flannery*, 203 Kan. 239, 452 P. 2d 846.

Reversed.