No. 46,386

Ruth Baird, *Appellee*, v. Charles Elmer Baird, *Appellant*.

(498 P. 2d 83)

Opinion filed June 10, 1972.

*Charles D. Kugler*, of Carson, Mahoney & Fields, of Kansas City, argued the cause and was on the brief for appellant.

*Jerry J. Hess*, of Overland Park, argued the cause, and *John C. Eisele*, of Overland Park, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from an order denying a motion to modify a divorce decree with respect to payment of alimony not yet due.

The parties were married July 8, 1933, in Wyandotte County, Kansas. Five children were born of the marriage, but all had reached the age of majority before the facts material to the issue came before the district court.

On May 14, 1968, the appellee, Ruth Baird, received a divorce from the appellant, Charles Baird. The divorce was not contested. The parties did, however, submit to the court a stipulation and property settlement concerning all matters involving division of their property and property rights, and permanent alimony for the plaintiff subject to the approval of the court.

The division of property is not an issue, and it is sufficient to say the wife was allotted all of the furniture and household effects, the home at 8501 Santa Fe Drive, Overland Park, Kansas, subject to a mortgage, and 80 acres of unimproved land near Bennett Springs, Missouri. The defendant was allotted a pick-up truck subject to a purchase money mortgage and real estate at Lake Havesau City subject to $3,100 due on the purchase price.

The stipulation for alimony provided:

"The Defendant agrees to pay and the Plaintiff agrees to accept as perma-

nent alimony of and from the Defendant the sum of $325.00 per month until Plaintiff remarries or is deceased as provided by the alimony laws of the State of Kansas. . . ."

The district court found that the stipulation and property settlement should be incorporated in the journal entry and decree, which recited in part:

"All sums due and payable as permanent alimony shall be paid into the office of the Clerk of the District Court of Johnson County, Kansas, and this Court shall retain permanent jurisdiction of this cause. . . ."

In its conclusion, the district court decreed:

"That this Court shall retain jurisdiction of this cause and of the parties herein concerned."

On June 22, 1970, the appellant filed his motion to modify the divorce decree with respect to the payment of alimony, in which he informed the district court in substance that the alimony order was predicated solely upon his future earnings and was not in any way a part of a division of accumulated property; that the defendant's income has dropped from a net of $850 to $397 per month; that appellee is the governess of a widower's two children, she has a place to live, and food and an undetermined salary, and that the appellant has remarried and his wife is not working. The motion concluded:

"Defendant has such high blood pressure that he cannot pass a physical examination for permanent employment, and has no prospects for the future. Also, that he has had two heart attacks and he has been advised by his doctor not to overdo in any respect. This was definitely a factor in his retirement from General Motors Corporation.

"That effective June 1, 1970, the defendant was retired by action taken solely by his employer, General Motors Corporation, and upon his retirement he will receive as retirement pay the sum of $397.59 monthly. That this is his sole and only income and means of livelihood for he and his present wife."

The appellant introduced evidence to establish the above alleged facts, and further testified his retirement will be about $380 per month and he has no other income. His necessary living expenses were about $370 per month.

The district court, after hearing the evidence, entered a memorandum decision as follows:

"Now on this 30th day of July, 1970, the Court finds that, on the basis of the present financial situation of the defendant, the alimony payments to be made by defendant should be reduced, but the Court is without power to modify a property agreement entered into by the parties and approved by the Court, without the approval of the parties, where no provision for such modification is included in such agreement."

The movant has appealed, challenging the conclusion of the district court that there was no provision for such modification included in the settlement agreement.

We agree with the appellant that the agreement made provision for the court to modify the payment of alimony not yet due.

The law of divorce and alimony was materially changed in 1964. Up until that time, the judgment for alimony was a final judgment of the rights of the parties with respect to alimony. A court could not give itself power by its own order to make future revisions of the alimony judgment, and the parties could not confer such jurisdiction by agreement. (*Conway v. Conway,* 130 Kan. 848, 851, 288 Pac. 566.)

In 1964, the Legislature, among other changes in the divorce laws, enacted K. S. A. 60-1610 designating the matters which might be included in the decree. Included therein was care of minor children, division of property, maintenance, and separation agreements.

K. S. A. 1971 Supp. 60-1610 (*c*) provides that the decree may award to either party an allowance for future support denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all the circumstances and that it may make the future payments *conditional or terminable* under circumstances prescribed therein. Subsection (*c*) reads in part:

". . . The allowance may be in a lump sum or in periodic payments or on a percentage of earnings or on any other basis. *At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the alimony originally awarded that have not already become due, but no modification shall be made, without the consent of the party liable for the alimony, if it has the effect of increasing or accelerating the liability for the unpaid alimony beyond what was prescribed in the original decree.*" (Emphasis supplied.)

K. S. A. 1971 Supp. 60-1610 (*d*) provides for a decree under a separation agreement, and reads in part:

"If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled thereby shall be confirmed in the decree . . . Matters, settled by such an agreement . . . shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."

In *Tager v. Tager,* 199 Kan. 26, 427 P. 2d 484, it was said that under 60-1610 (*d*) a settlement agreement providing for the pay-

ment of alimony was not subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent.

The question immediately before us is, does the agreement by implication provide for its modification by the court?

The stipulation for alimony and property settlement specifically provides that:

"The Defendant agrees to pay and the Plaintiff agrees to accept as permanent alimony of and from the Defendant the sum of $325.00 per month until the Plaintiff remarries or is deceased *as provided by the alimony laws of the State of Kansas.*" (Emphasis supplied.)

As indicated, under 60-1610 ( *c* ) a court has the statutory power to modify the amounts or other conditions for the payment of any portion of the alimony originally awarded that have not already become due. The phrase "as provided by the alimony laws of the State of Kansas" must therefore refer to the general provision for alimony which consists chiefly of the power of the court to modify the amounts or other conditions for the payment of alimony.

The decree of the district court throws further light on the purpose of the above phrase. In the divorce decree, the court found:

"All sums due and payable as permanent alimony shall be paid into the office of the Clerk of the District Court of Johnson County, Kansas, and this court shall retain permanent jurisdiction of the cause. . . ."

The district court further ordered and decreed:

"That this Court shall retain jurisdiction of this cause and of the parties herein concerned. . . ."

There were no minor children over which the court had continuing jurisdiction. There was no continuing jurisdiction over the decree dividing the property pursuant to the property settlement. There could be only *one cause* over which the district court in the divorce case could have had any continuing jurisdiction, and that was the alimony settlement. It could have no jurisdiction over the cause for property settlement. In *Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994, we held:

"Alimony is a future support concept and it has no relationship to a division of property aspect.

"A trial court after entering an original decree which determines a division of property has no continuing jurisdiction of that part of the decree and no power to modify that part of the decree." (Syl. ¶¶ 1, 2.)

In the opinion it was said:

"Plaintiff points out the vital changes in the .code concerning alimony, division of property, and separation agreements. The new code separates the division of property concept from that of alimony. Alimony is now purely a future support concept and it no longer retains any relationship to the division of property aspect. The court can now decree alimony to be payable until death or remarriage. Alimony may be modified, but the court cannot increase the award either in amount or by decreasing the time in which the spouse must pay the alimony." (l. c. 90.)

See, also, *Flannery v. Flannery*, 203 Kan. 239, 452 P. 2d 846.

The appellee suggests that by the language used, the parties and the court were simply reserving the power of the court to enforce its judgment. We would suggest that the reservation added nothing to the power of the court to enforce its judgment—it had that inherent power. (*Noonan v. Noonan*, 127 Kan. 287, 273 Pac. 409.) The district court did not retain jurisdiction to enforce the judgment. It did retain jurisdiction of the *cause*. Adjustment of the alimony was the only possible cause of action over which the court could retain jurisdiction. It is clear that the court's incorporation of the separation agreement in the decree was not its unqualified approval of future payments of alimony.

We conclude the language of the separation agreement with respect to the payment of alimony, when construed with the language of the divorce decree, implies consent to a modification of the alimony award as prescribed by K. S. A. 1971 Supp. 60-1610 (c) and (d).

The judgment is reversed with directions to the district court to proceed to consider the motion to modify the alimony award on its merits.

It is so ordered.